UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES                  )
                               )
                               )
          v.                   )        CRIMINAL ACTION
                               )        NO. 16-10306-WGY
BENITO RIVERA,                 )
                               )
               Defendant.      )
_____)
```

YOUNG, D.J.                                    November 4, 2021

**MEMORANDUM & ORDER**

## I.   INTRODUCTION

Benito Rivera ("Rivera") moves to vacate his September 2017 felon-in-possession conviction under 18 U.S.C. § 922(g)(1) pursuant to <u>Rehaif</u> v. <u>United States</u>, 139 S. Ct. 2191 (2019), in which the Supreme Court held that to support a section 922(g)(1) verdict, the government must prove that while in possession of a firearm, the defendant knew that he or she belonged to a category of persons statutorily prohibited from carrying the firearm.  Rivera's motion is DENIED.

In 1994, Rivera was found guilty at trial of trafficking heroin and received a sentence of ten years to ten years and one day in state prison.  Mot. Vacate Conviction 28 U.S.C. § 2255 & <u>Rehaif</u> v. <u>United States</u>, 139 S. Ct. 2191 (2019) ("Mot. Vacate") 3, ECF No. 110.  In 2001, Rivera pled guilty to possession of a Class B Substance with intent to distribute and received a

sentence of three years to three years and a day in state prison.  Id.  In May 2009, Rivera pled guilty to two counts of armed robbery and was sentenced to five to ten years in state prison.  Id.  Following the armed robbery conviction, Rivera was indicted in this Court in 2016 on a single count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  Id.  Rivera went to trial and was convicted on September 14, 2017.  Id.  At trial, the Court presented the jury with the question "Did Mr. Rivera, as the law requires, did he possess that firearm and ammunition?" and instructed the jury that Rivera would be found guilty only if he "knowingly possessed it."  Tr. Jury Trial 67-68, ECF No. 95 ("[I]f it is proved beyond a reasonable doubt that he had that firearm in that bag or on his person somewhere and he had it -- now he has to know he's got a firearm, he's got know [sic] he's carrying it . . . .").  During the trial, there was no reference of any kind to Rivera's knowledge of being a felon at the time of the firearm possession.  Id.

About two years later, on June 21, 2019, the Supreme Court held in Rehaif that to convict a defendant under 18 U.S.C. § 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194 (emphasis added).  Following the Rehaif decision, on June 19,

2020, Rivera moved to vacate his conviction pursuant to 28 U.S.C. § 2255.  See generally Mot. Vacate.  In his motion, Rivera argues that his conviction must be vacated because the jury was not instructed to consider whether Rivera knew that he was a felon at the time of the armed robbery.  Id. 4.

Section 922(g) of title 18 of the United States Code provides that "[i]t shall be unlawful" for certain individuals to possess firearms.  18 U.S.C. § 922(g).  The provision then lists nine categories of individuals subject to the prohibition, including felons.  Id. § 922(g)(1).  A separate sub-section, § 924(a)(2), adds that anyone who "knowingly violates" section 922(g) shall be fined or imprisoned for up to ten years. Id. § 924(a)(2).  The Supreme Court in Rehaif held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200 (emphasis added).

In reliance upon the Rehaif decision, Rivera claims that (1) since the essential element of knowing that he was a felon was neither alleged in the indictment nor discussed at any proceeding in his case, this Court did not have jurisdiction to enter judgment against him, Mot. Vacate 5-6, and (2) the

indictment violated Rivera's Fifth Amendment right to be charged
by a grand jury and Sixth Amendment right to notice, id. 8.

## II.   THE COLLATERAL ATTACK -- HABEAS REVIEW

Under 28 U.S.C. § 2255(a),

A prisoner in custody under sentence of a court
established by Act of Congress claiming the right to be
released upon the ground that the sentence was imposed
in violation of the Constitution or laws of the United
States, or that the court was without jurisdiction to
impose such sentence, or that the sentence was in excess
of the maximum authorized by law, or is otherwise subject
to collateral attack, may move the court which imposed
the sentence to vacate, set aside or correct the
sentence.

28 U.S.C. § 2255(a). A prisoner seeking relief under 28
U.S.C. § 2255 must allege either: (1) an error of
constitutional magnitude; (2) a sentence imposed outside
the statutory limits; or (3) an error of fact or law that
was so fundamental as to render the entire proceeding
invalid. Short v. United States, 471 F.3d 686, 691 (2006)
(citation and quotations omitted).

A habeas petition, however, does not replace a direct
appeal. As a general rule, "claims not raised on direct
appeal may not be raised on collateral review . . . ."
Massaro v. United States, 538 U.S. 500, 504 (2003). "Where
a defendant has procedurally defaulted a claim by failing
to raise it on direct review, the claim may be raised in
habeas only if the defendant can first demonstrate either

[4]

'cause' and actual 'prejudice,' or that he is 'actually innocent.'" <u>Bousley</u> v. <u>United States</u>, 523 U.S. 614, 622 (1998) (citations omitted).

Here, Rivera has failed to show cause or prejudice for his failure to raise this claim on direct appeal, and he does not attempt to show that he is actually innocent.  <u>See generally</u> Mot. Vacate.  Thus, his claim is procedurally defaulted.

First, as to cause, although a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default, <u>Bousley</u>, 523 U.S. at 622, Rivera's claim does not qualify. A petitioner cannot establish that a claim was "not reasonably available to counsel" just because of the perception that "a claim was unacceptable to that particular court at that particular time."  <u>Id.</u> at 622-23.

The Supreme Court had emphasized the importance of scienter in distinguishing between wrongful and innocent conduct in many cases prior to <u>Rehaif</u>.  <u>See, e.g.</u>, <u>Liparota</u> v. <u>United States</u>, 471 U.S. 419, 425 (1985); <u>United States</u> v. <u>Bailey</u>, 444 U.S. 394, 406 (1980); <u>United States</u> v. <u>U.S. Gypsum Co.</u>, 438 U.S. 422, 436 (1978); <u>Morissette</u> v. <u>United States</u>, 342 U.S. 246, 250-51 (1952).  Additionally, well before <u>Rehaif</u> was decided, the Supreme Court had

interpreted statutes to include a scienter requirement even where the statutory text was silent on the question.  See, e.g., Staples v. United States, 511 U.S. 600, 610 (1994). Rivera has not attempted to show cause for his procedural default, but even if he had, based on the aforementioned legal standards, Rivera would not be able to argue convincingly that the legal basis for Rehaif was not reasonably available to him at the time of his appeal.

Second, as to actual prejudice, a petitioner can establish the required prejudice by showing "a reasonable probability that, but for the errors, the result of the proceeding would have been different."  Lee v. United States, 137 S. Ct. 1958, 1964-65 (2017).[1]  A petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456

---

[1] Lee refers to prejudice in the context of an ineffective assistance of counsel claim, not in the context of procedural default, but the First Circuit has ruled that there is no practical difference between the two.  See Lynch v. Ficco, 438 F.3d 35, 49 (1st Cir. 2006) ("[I]n this circuit, we have held that . . . if a habeas petitioner can meet the prejudice standard needed to establish ineffective assistance . . . then the prejudice standard under the 'cause and prejudice' showing to excuse a procedural default is also met.").

U.S. 152, 170 (1982).  The Supreme Court has summarized the degree of prejudice that a prisoner is required to show before obtaining a collateral relief for error in the jury charge as "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (citations and quotations omitted).

Here, Rivera argues that he has been prejudiced because "[e]ven if instructed correctly under Rehaif, a jury could not have found Rivera guilty because no evidence of knowledge of status appears in the record."  Mot. Vacate 13.  The Court disagrees.  Rivera's record shows at least three separate occasions prior to the instant offense where he was sentenced to and served more than one year of imprisonment.  Id. 3.  This, by itself, supports the conclusion that Rivera had knowledge of his status as a convicted felon when he was on trial for firearm possession pursuant to 18 U.S.C. § 922(g).  See Greer v. United States, 141 S. Ct. 2090, 2097 (2021) ("If a person is a felon, he ordinarily knows he is a felon.  Felony status is simply not the kind of thing that one forgets." (quotations omitted)).

Therefore, the Court rules that Rivera has failed to show cause or actual prejudice for his procedural default.

The only path left for Rivera is showing actual innocence.  "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  House v. Bell, 547 U.S. 518, 536-37 (2006) (quotations omitted) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)).  In this regard, the Supreme Court has noted that actual innocence means "factual innocence, not mere legal insufficiency."  Bousley, 523 U.S. at 623. The actual innocence standard may be met in "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 496 (1986). Rivera has not attempted to meet this standard.  See generally Mot. Vacate.  Rivera has a record of three sentences of more than one year each.  Mot. Vacate 3.  Like the actual-prejudice prong, this record supports a conclusion that Rivera was aware of his status as a convicted felon while later possessing a firearm.  See Greer, 141 S. Ct. at 2097.  The Court is convinced that no reasonable juror could have believed that Rivera did not

know that he had been convicted of a crime punishable by imprisonment for a term exceeding one year when Rivera had previously served many years in prison for many crimes. Thus, the Court rules that Rivera has failed to show actual innocence, and accordingly his motion to vacate is procedurally barred.

## III. THE MERITS

Even were the Court to address the merits, Rivera would fare no better.

### A.   Jurisdictional Challenge

Rivera's first argument is that the missing scienter-of-status requirement in his trial renders the entire indictment defective such that this Court lacked jurisdiction to enter judgment against him in the 18 U.S.C. § 922(g) prosecution.  Mot. Vacate 2.  The Court disagrees. The Supreme Court has ruled that "defects in an indictment do not deprive a court of its power to adjudicate a case." United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, with regards to Rehaif, the First Circuit has decided that "the government's failure to allege the scienter-of-status element in the indictment did not deprive the district court of jurisdiction."  United States v. Farmer, 988 F.9d 55, 60-61 (1st Cir. 2021); accord United States v. Hobbs, 953 F.3d 853, 856-57 (6th Cir.

2021).  Therefore, the Court rules that it did not lack
jurisdiction to enter judgment against Rivera in the 18
U.S.C. § 922(g) prosecution.

**B.   Constitutional Challenge**

Lastly, Rivera argues that the defective indictment
violated his Fifth Amendment right to be charged by a grand
jury and his Sixth Amendment right to notice.  Mot. Vacate
2.  Specifically, he claims that "[n]o evidence of Rivera's
knowledge of his status as a person prohibited from
possessing a firearm was introduced at trial and the jury
was not instructed that such knowledge of status was an
element of the offense.  Accordingly, Rivera's Fifth and
Sixth Amendment rights were violated."  Id.

"The First Circuit applies the plain error standard to
clear or obvious errors (including structural errors) that
were not raised before the district court, such as Fifth
and Sixth Amendment challenges."  United States v.
Guardado, CIVIL ACTION NO. 12-cr-40004-TSH, 2021 WL
3055015, at *3 (D. Mass. July 20, 2021) (Hillman, J.)
(citing United States v. Lara, 970 F.3d 68, 86 (1st Cir.
2020) ("The plain error standard of review applies,
however, even to challenges to structural errors if they
were not raised below.")).  To meet the plain error
standard, a petitioner must show three elements: (1) "there

must be an error that has not been intentionally relinquished or abandoned"; (2) "the error must be plain -- that is to say, clear or obvious"; and (3) "the error must have affected the defendant's substantial rights . . . ." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016).  To meet the third element, a petitioner "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different."  Id. (citation and quotations omitted).

In United States v. Burghardt, a post-Rehaif decision, the First Circuit denied a motion to vacate a section 922(g)(1) conviction because the record revealed "no reason to think that the government would have had any difficulty at all in offering overwhelming proof that Burghardt knew that he had previously been convicted of offenses punishable by more than a year in prison."  See 939 F.3d 397, 404 (1st Cir. 2019).  Specifically, the First Circuit noted that

> according to his presentence investigation report (PSR), Burghardt received 2-10 years in state prison for two of the sale convictions, 7.5-15 years in state prison for the third sale conviction and the possession-with-intent-to-sell conviction, and 2-5 years in state prison for the robbery conviction.  If true, the receipt of such sentences would certainly have made clear to Burghardt the fact that his offenses were punishable by more than a year in prison.

Id. (emphasis added) (footnote omitted).

The reasoning in Burghardt is applicable to Rivera's case.  As described above, Rivera was sentenced on three different occasions to serve more than one year in prison. Therefore, the Court finds that it is more likely than not that had the Court instructed the jury on the scienter-of-status element, the outcome of the proceeding would not have been different.  The Court rules that regardless whether there was an error and whether this error was clear or obvious -- the missing scienter element did not affect Rivera's substantial rights.

## IV.  CONCLUSION

For the foregoing reasons, Rivera's motion to vacate, ECF No. 110, is DENIED.


**SO ORDERED.**


/s/ WILLIAM G. YOUNG
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[2]

---

[2] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 43 years.